**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **OCTAVIUS JUNIOUS** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) Case No. __1:19-cv-2228__ |
| **v.** | ) |
|  | ) |
| **PARAGON SYSTEMS, INC.** | ) |
|  | ) |
| **Defendant** | ) |

**NOTICE OF REMOVAL**

**EXHIBIT A**

Complaint

Filed
D.C. Superior Court
05/13/2019 15:25PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

OCTAVIUS JUNIOUS       *
5815 Sachem Drive          *
Forest Heights, Maryland 20745  *

   PLAINTIFF,            *

      v.                      *   Case No: **2019 CA 003217 B**

PARAGON SYSTEMS, INC.     *
13900 Lincoln Park Drive      *
Suite 300                  *
Herndon, Virginia 20171      *

   SERVE:                 *
   National Registered Agents, Inc.  *
   1090 Vermont Avenue NW    *
   Suite 910                *
   Washington, D.C. 20005     *

   DEFENDANT.           *
*************************************************

## COMPLAINT

Plaintiff Octavius Junious ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant Paragon Systems, Inc. ("Defendant") for damages Plaintiff sustained as a result of violations of the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

### PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident of the State of Maryland.

2.    Defendant is a corporation formed under the laws of the Commonwealth of Virginia and doing business in the District of Columbia.

3. This Court has jurisdiction of Defendant because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... [c]itizens of different states." 28 U.S.C. § 1332(a).

4. Venue is proper in this Court because this is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C § 1391(b)(2).

5. At all times relevant, Defendant operated its business in the District of Columbia.

6. All of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

7. Pursuant to the foregoing, at all times, Defendant qualified as Plaintiff's "employer" for the purposes of the DCWPA.

## FACTS

8. Plaintiff was employed by Defendant as an armed Protective Security Officer for the period of about June 2016 until April 15, 2019.

9. At all times relevant, Plaintiff's regular hourly rate was $34.00 per hour and $51.00 per hour for all the hours he worked in excess of forty (40) per week.

10. Plaintiff was not paid for the final three (3) pay periods of his employment, totaling six (6) weeks.

11. Plaintiff repeatedly made demands for his unpaid wages, but Defendant failed and refused to pay Plaintiff for the hours he had worked.

12. On April 2, 2019, Plaintiff filed a "Payroll Discrepancy Form" with Defendant to demand payment of his unpaid wages.

13. Plaintiff sent several emails to Defendant's management requesting payment of his earned but unpaid wages.

14. On April 15, 2019, Defendant terminated Plaintiff's employment in retaliation for Plaintiff's exercise of his civil right to be paid for the hours he worked.

15. Defendant's termination of Plaintiff's employment occurred abruptly and no reason for his termination was ever given to Plaintiff.

16. In terminating Plaintiff's employment, Defendant failed to follow its own internal progressive discipline procedures.

17. At no time during his employment had Plaintiff ever been disciplined, formally or informally, or otherwise had any discipline issues.

18. Plaintiff's unpaid wages for the final six weeks of his employment amount to $4,573.00.

## CAUSES OF ACTION

### COUNT I
### Violation of D.C. Wage Payment and Wage Collection Act
### Unpaid Wages

19. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

20. Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

21. "Wages" pursuant to DCWPA (DC Code § 32-1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or

3

oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

22. Plaintiff performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiff all wages earned and required by District of Columbia law.

23. Defendant owes Plaintiff wages for work duties performed as set forth above.

24. Defendant's failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

25. Defendant's failure to pay Plaintiff all wages earned, owed, and required by law as required by District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I, for all unpaid wages in the amount of $4,573.00 or some other amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Wage Payment and Wage Collection Act
### Retaliation

26. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

27. Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCWPA.

28. The DCWPA strictly and explicitly forbids retaliation by an employer against an employee for complaining or otherwise seeking relief against an employer arising out of an alleged DCWPA violation.

4

29. By exchanging emails with Defendant's management complaining about unpaid wages and filing an internal "Payroll Discrepancy Form" on April 2, 2019, Plaintiff engaged in activity protected from retaliation under the DCWPA.

30. In response to Plaintiff's protected activity, Defendant terminated Plaintiff's employment.

31. Defendant's actions against Plaintiff were retaliatory, willful, and intentional and Plaintiff has suffered damages in the form of lost wages, as well as non-economic and emotional damages arising therefrom.

WHEREFORE, Defendant is liable to Plaintiff under Count II for lost compensation, liquidated damages, reinstatement of Plaintiff to his former position or an equivalent position with restoration of seniority, attorney's fees, costs, interest (both pre- and post-judgment), and any other relief this Court deems appropriate.

Respectfully Submitted,

*[signature]*

Gregg C. Greenberg, Bar No. 984825
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
T: 301-587-9373
F: 240-839-9142
ggreenberg@zagfirm.com

*Counsel for Plaintiff*

5

 CT Corporation

**Service of Process Transmittal**
06/28/2019
CT Log Number 535771982

TO: JOSIAH ROCHA
Securitas Security Services USA, Inc.
4330 Park Terrace Dr
Westlake Village, CA 91361-4630

RE: **Process Served in District of Columbia**

FOR: PARAGON SYSTEMS, INC. (Domestic State: AL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Octavius Junious, Pltf. vs. Paragon System, Inc., Dft. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Superior Court of the District of Columbia, DC<br>Case # 2019CA003217B |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - 04/15/2019 |
| ON WHOM PROCESS WAS SERVED: | National Registered Agents, Inc, Washington, DC |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 06/28/2019 postmarked on 06/25/2019 |
| JURISDICTION SERVED: | District of Columbia |
| APPEARANCE OR ANSWER DUE: | Within 21 days after service of this summons upon you, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Gregg C. Greenberg<br>Zipin, Amster & Greenberg, LLC<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, MD 20910<br>301-587-9373 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/28/2019, Expected Purge Date: 07/28/2019<br><br>Image SOP<br><br>Email Notification, JOSIAH ROCHA JOSIAH.ROCHA@SECURITASINC.COM<br><br>Email Notification, Laura Polte Laura.Polte@securitasinc.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | National Registered Agents, Inc<br>1015 15th St NW Ste 1000<br>Washington, DC 20005-2621<br>202-572-3133 |

Page 1 of 1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Zipin Amsterdam, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910

National Registered Agents, Inc.
1015 15th Street, NW
Suite 1000
Washington, DC 20005